UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Kayla Linn**, individually, and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>**Compassionate Friends Homecare, LLC**, an Ohio corporation, and **Daniel Kopronica**<br><br>     Defendants. | No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiff, Kayla Linn, ("Plaintiff Linn"), individually, and on behalf of all other persons similarly situated, who are current or former healthcare providers of Defendant ("Collective Members" or "Class Members") (collectively "Plaintiffs) and by and through the undersigned attorney(s), sue the Defendants, Compassionate Friends Homecare, LLC ("Defendant CF Homecare"), and Daniel Kopronica ("Defendant Kopronica") (collectively "Defendants"); and allege as follows:

**PRELIMINARY STATEMENT**

1.   This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff Linn and other similarly-situated employees all earned overtime wages.

2.   This lawsuit also arises under Ohio Revised Code ("ORC") § 4111.01 for Defendants' failure to pay Plaintiff Linn and other similarly-situated employees all earned overtime wages.

3.     Plaintiff Linn, the Collective Members and Class Members are current and former employees of Defendants.  Plaintiff brings this action on behalf of himself and all similarly-situated current and former healthcare providers who Defendants misclassified as "exempt" from overtime under the FLSA and the ORC, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

4.     The Collective Members and Class Members are all current and former State Tested Nurse's Aides ("STNAs"), Home Health Aides, Certified Nurse's Aides ("CNAs") and nurses who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.     Under the FLSA and ORC, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Defendants failed to pay Plaintiffs one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiffs therefore bring this Collective and Class action Complaint pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 for Defendants violation of federal and Ohio law as detailed further below.

### JURISDICTION AND VENUE

6.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Ohio law that are so related to Plaintiffs' claims under 29 U.S.C. §

201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, the Collective Members, and the Class Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

**<u>PARTIES</u>**

9.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

10.     At all times material to the matters alleged in this Complaint, Plaintiff Linn was an individual residing in Cuyahoga County, Ohio, and is a current employee of Defendants.

11.     At all material times, Plaintiff Linn was a full-time employee of Defendants who worked as an STNA from approximately April 2, 2018 to the present.

12.     Defendants misclassified Plaintiffs as independent contractors and continue to the same.

13.     At all relevant times, Defendants employed Plaintiffs to perform various non-exempt home healthcare services.

14.     At all material times, Plaintiff Linn, the Collective Members and the Class Members were an employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

15.     At all material times, Plaintiff Linn, the Collective Members and the Class Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

16.     Plaintiff Linn has given his written consent to be a named representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

17.     Plaintiff Linn brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former STNAs, Home Health Aides, CNAs, and nurses of Defendants, including but not limited to such individuals who agree in writing to join this action seeking recovery under the FLSA and ORC.

18.     Plaintiff Linn brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former STNAs, Home Health Aides, CNAs, and nurses of Defendants who Defendants misclassified as independent contractors and were not paid overtime in accordance with the FLSA and ORC for time spent working in excess of 40 hours in a given workweek.

19.     Defendant CF Homecare, LLC is an Ohio corporation, authorized to do business in the State of Ohio and was at all relevant times Plaintiff Linn's, the Collective Members' and the Class Members' Employer as defined by 29 U.S.C. § 203(d).

20.     Under the FLSA, Defendant CF Homecare is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant CF Homecare had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Linn's, the Collective Members' and the Class Members' employment with Defendant CF Homecare.  Having acted in the interest of Defendant CF Homecare in relation to

its employees, including Plaintiff Linn, Compassionate Friends Homecare, LLC is subject to liability under the FLSA.

21.     Under the FLSA, Defendant Kopronica is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Kopronica is the owner of Defendant CF Homecare.  At all relevant times, Defendant Kopronica had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Linn's, the Collective Members' and the Class Members' employment with Compassionate Friends Homecare, LLC.  As a person who acted in the interest of Compassionate Friends Homecare, LLC in relation to its employees, including Plaintiff Linn, Defendant Daniel Kopronica is subject to individual liability under the FLSA.

22.     Defendants are sued in both their individual and corporate capacities.

23.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff Linn, the Collective Members and the Class Members.

24.     At all relevant times, Plaintiff Linn, the Collective Members and the Class Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

25.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

26.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

27.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff Linn's, the Collective Members' and the Class Members' work and wages at all relevant times.

28.     At all relevant times, Plaintiff Linn, the Collective Members and the Class Members in their work for Defendants, were engaged in commerce or the production of goods for commerce.

29.     At all material times, Plaintiff Linn, the Collective Members and the Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $150,000, exclusive of excise taxes at the retail level which are separately stated.

30.     At all relevant times, Plaintiff Linn, the Collective Members and the Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

31.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

32.     Defendants own and/or operate as Compassionate Friends Homecare, LLC, an enterprise located in Lorain County, Ohio.

33.     Compassionate Friends Homecare, LLC is a company headquartered in Elyria, Ohio, that offers in-home healthcare services to individuals in need of such serveices.

34.     In April, 2018, Plaintiff Linn began her employment with Defendants as an STNA, performing in-home healthcare services for Defendants' clients.

35.    Defendants pay Plaintiff Linn on an hourly basis at a rate of $14.00 per hour. Defendants likewise pay the Collective Members and the Class Members hourly wages.

36.    Plaintiff Linn regularly works approximately forty-eight hours per week in her employment for Defendants. At times, Plaintiff Linn's employment with Defendants substantially exceeds forty-eight in a given workweek. Plaintiff Linn has worked in excess of seventy hours in a given workweek in her employment with Defendants.  The Collective Members and Class Members likewise work in excess of forty hours in any given workweek in their employment with Defendants.

37.    From April 1, 2018 until February, 2019, Defendants did not pay Plaintiff Linn, the Collective Members or the Class Members one and one-half times their regular rate of pay for any hours worked in excess of forty hours in any given workweek.

38.    In February 2019, Defendants began to pay Plaintiff Linn, the Collective Members and the Class Members one and one-half times their regular rate of pay for hours worked in excess of forty hours in a given workweek in some instances.

39.    Defendants have and continue to pay Plaintiff Linn, the Collective Members and the Class Members on a 1099-basis, misclassifying them as independent contractors.

40.    Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff Linn, the Collective Members and the Class Members.

41.    Defendants instruct Plaintiff Linn, the Collective Members and the Class Members about when, where, and how to perform their work.

42.    Defendants control Plaintiff Linn's, the Collective Members' and the Class Members' schedule.

43.     While employed by Defendants, Plaintiff Linn, the Collective Members' and the Class Members are unable to work for any other company.

44.     The following further demonstrate that Plaintiff Linn, the Collective Members and the Class Members are Defendants' employees.

      a.    Defendants had the sole right to hire and fire Plaintiffs;

      b.    Defendants made the decision not to pay overtime;

      c.    Defendants supervise Plaintiffs and subject Plaintiffs to Defendants' rules;

      d.    Plaintiffs have no financial investment with Defendants' business;

      e.    Plaintiffs have no opportunity for profit or loss in the business;

      f.    The services rendered by Plaintiffs in their work for Defendants is integral to Defendants' business;

      g.    Plaintiffs were hired as permanent employees for an indefinite duration, working for Defendants for more than a year.

      h.    Plaintiffs, in their work for Defendants, were entirely economically dependent on Defendants;

      i.    Plaintiffs, in their work for Defendants, were not in business for themselves;

      j.    Plaintiffs had no right to refuse work assigned to them by Defendants.

45.     In their work for Defendants, Plaintiff Linn, the Collective Members and the Class members were non-exempt employees.

46.     In their work for Defendants, Plaintiff Linn, the Collective Members and the Class Members did not have the authority to hire or fire other employees, nor were their

suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

47.     In their work for Defendants, Plaintiff Linn's,  the Collective Members' and the Class Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendants' customers.

48.     In their work for Defendants, Plaintiff Linn's, the Collective Members' and the Class Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

49.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff Linn, the Collective Members and the Class Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiffs to work in excess of forty (40) hours per workweek.

50.     As a result of Defendants' willful failure to pay Plaintiff Linn, the Collective Members and the Class Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiffs less than the applicable overtime wage rate for such work that Plaintiffs performed in excess of forty (40) hours per workweek.

51.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff Linn, the Collective Members and the Class Members to work.  As such, Plaintiffs' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs to work. Defendants' failure to record the time that Plaintiffs worked constitutes a violation of Ohio Revised Code § 4111.08 and Article II § 34a of the Ohio Constitution.

52.     As a result of Defendants' willful failure to compensate Plaintiff Linn, the Collective Members and the Class Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a), §4111.03 and Article II § 34a of the Ohio Constitution.

53.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff Linn, the Collective Members and the Class Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and Ohio law, and Defendants were aware of the FLSA and ORC overtime wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and ORC.

54.     Defendants have and continue to willfully violate the FLSA and ORC by not paying Plaintiff, the Collective Members and the Class Members one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

56.     Plaintiff Linn brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of the similarly situated Collective Members who are current and former State Tested Nurse's Aides ("STNAs"), Home Health Aides, Certified Nurse's Aides ("CNAs") and nurses, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

57.     At all relevant times, Plaintiff Linn and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff Linn's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiff Linn's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

58.     Plaintiff Linn and the Collective Members worked more than forty (40) hours in a given workweek without being compensated at a rate equal to one and one-half their regular rates of pay for the hours worked in excess of forty (40) during that workweek.

59.     Rather than paying their State Tested Nurse's Aides ("STNAs"), Home Health Aides, Certified Nurse's Aides ("CNAs") and nurses –including Plaintiff Linn and the Collective Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "Independent Contractors" in order to avoid their overtime responsibilities under the FLSA.

60.     In a given workweek, and during each and every workweek, of Plaintiff Linn's and the Collective Members' employment with Defendants, they worked between eight and forty hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times their regular rates of pay for such time worked.

61.     Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

62.     The Collective Members perform or have performed the same or similar work as Plaintiff Linn.

63.     The Collective Members are employees of Defendants.

64.     The Collective Members have and continue to be improperly classified as independent contractors by Defendants.

65.     The Collective Members are not exempt from receiving overtime pay.

66.     The Collective Members are similar to Plaintiff Linn in terms of job title, job duties, pay structure, and/or the denial of overtime.

67.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

68.     The experiences of Plaintiff Linn, with respect to her pay, are typical of the experiences of the Collective Members.

69.     The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

70.     All Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

71.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple mathematic formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability

is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

72.    As such, Plaintiff Linn brings his FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former State Tested Nurse's Aides ("STNAs"), Home Health Aides, Certified Nurse's Aides ("CNAs") and nurses who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present.</u>**

73.    Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

74.    Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

75.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

76.    This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

77.    Upon information and belief, the individuals similarly situated to Plaintiff Linn include more than fifty (50) employees currently and/or formerly employed by Defendants, and Plaintiff Linn is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

78.    Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

-13-

79.    Plaintiff Linn's claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

## OHIO CLASS ACTION ALLEGATIONS

80.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81.    Plaintiff Linn brings her Ohio wage claims as a Rule 23 class action on behalf of the following Class Action Members:

> **The Class Action Members are all of Defendants' current and former State Tested Nurse's Aides ("STNAs"), Home Health Aides, Certified Nurse's Aides ("CNAs") and nurses who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

82.    <u>Numerosity</u>.  The number of Class Action Members is believed to be over fifty. This volume makes bringing the claims of each individual Class Member before this Court impracticable.  Likewise, joining each individual Class Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Action Members and Defendants.

83.    <u>Typicality</u>.  Plaintiff Linn's claims are typical of the Class Members because like the Class Members, Plaintiff Linn was subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Members.  Defendants regularly required Plaintiff Linn and the Class Members to work in excess of forty hours per week without

-14-

compensating them at one and one-half times their regular rate of pay for the hours they worked in excess of forty hours in any given workweek.  As a result, Defendant failed to pay Plaintiff Linn and the Class Members overtime as required by Ohio law.

84.     As a result of such policy and practice by Defendant, Defendant violated the overtime wage provisions of Ohio Revised Code. § 4111.03.

85.     <u>Adequacy</u>.  Plaintiff Linn will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law.  Plaintiff Linn has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Linn does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

86.     <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues include, but are not limited to:

a.     Whether Defendants improperly classified Plaintiff Linn and the Class Members as independent contractors;

b.     Whether Defendant failed to pay Plaintiff Linn and the Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty hours in any given workweek;

c.     Whether Plaintiff Linn and the Class Members are entitled to compensatory damages;

d.     The proper measure of damages sustained by Plaintiff Linn and the Class Members; and

e.     Whether Defendants' actions were "willful."

-15-

87.     Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

88.     A class action presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendant's records.

89.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants to prove they properly compensated their employees; (3) the burden is on Defendants to accurately record hours worked by employees; and (4) the burden is on Defendants to prove Plaintiff Linn and the Class Members are independent contractors and not employees.

90.     Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff Linn and the Class Members according to applicable Ohio laws.

91.     <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving the Class Members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

<b><u>COUNT ONE: FAIR LABOR STANDARDS ACT<br>UNPAID OVERTIME</u></b>

92.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

93.     Defendants misclassified Plaintiff Linn and the Collective Members as "Independent Contractors" and as "exempt" from overtime under the FLSA.

94.     Defendants operated pursuant to their policy and practice of not paying Plaintiff Linn and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

95.     While employed by Defendants, Plaintiff Linn and the Collective Members worked several hours of overtime per week which they worked for Defendants, and Defendants did not pay to Plaintiff Linn and the Collective Members one-and-one-half times their regular rate of pay all hours worked in excess of forty hours in any given workweek.

96.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff Linn and the Collective Members overtime according to the provisions of the FLSA.

97.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff Linn and the Collective Members in accordance with 29 U.S.C. § 207.

98.     Defendants have intentionally failed and/or refused to pay Plaintiff Linn and the Collective Members overtime according to the provisions of the FLSA.

99.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff Linn and the Collective Members in accordance with 29 U.S.C. § 207.

100.     Although at this stage, Plaintiff Linn and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff Linn and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

101.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Linn and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff Linn's and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

102.     As a result of Defendants failure or refusal to pay Plaintiff Linn and the Collective Members a wage equal to one and one half times Plaintiff Linn's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiff Linn and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kayla Linn, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff Linn's and the Collective Members' favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

    i. violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper minimum wages; and

    ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff Linn and the Collective Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award Plaintiff Linn's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F. For the Court to provide a reasonable incentive award for Plaintiff Linn to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G. Such other relief as this Court deems just and proper.

## COUNT TWO: STATE OF OHIO UNPAID OVERTIME

103.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

104.    Plaintiff Linn and the Class Members were non-exempt employees entitled to the statutorily mandated overtime wages.

105.    Ohio Revised Code § 4111.03 requires an employer to pay a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act.

106.    Defendants misclassified Plaintiff Linn and the Class Members as "Independent Contractors" and as "exempt" from overtime under the FLSA and Ohio law.

107.    Defendants operated pursuant to their policy and practice of not paying Plaintiff Linn and the Class Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

108.    While employed by Defendants, Plaintiff Linn and the Class Members worked several hours of overtime per week which they worked for Defendants, and Defendants did not pay to Plaintiff Linn and the Class Members one-and-one-half times their regular rate of pay all hours worked in excess of forty hours in any given workweek.

109.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff Linn and the Class Members overtime according to the provisions of Ohio Revised Code § 4111 et seq. and Article II § 34a of the Ohio Constitution.

110.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Linn and the Class Members over the course of their employment would violate federal and state law, and Defendants were aware of the Ohio

overtime wage requirements during Plaintiff Linn's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of Ohio law.

111.    As a result of Defendants' willful failure to pay Plaintiff Linn and the Class Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants did not pay Plaintiff Linn and the Class Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of Ohio Revised Code § 4111.03 and Article II § 34a of the Ohio Constitution.

112.    As such, the full applicable overtime rate is owed for all hours that Plaintiff Linn and the Class Members worked in excess of 40 hours per week.

**WHEREFORE**, Plaintiff Lin, on behalf of herself and the Class Members, respectfully request that this Court grant relief in Plaintiff Linn's and the Class Members' favor, and against Defendants for compensation for unpaid minimum and overtime wages, plus an additional equal to two times all unpaid minimum and overtime wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 6th day of August, 2019.

BENDAU & BENDAU, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Phone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
THE LAW OFFICES OF SIMON & SIMON
6000 Freedom Square Dr.
Independence, OH 44131
Phone: (216) 525-8890
Fax: (216) 642-5814
Email: jameslsimonlaw@yahoo.com